IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANIS SHERICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BATTELLE ENERGY ALLIANCE, ) <br> LLC, ) <br> ) <br> Defendant. ) <br> _____) | Case No. CV-07-307-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Stay Proceedings and Compel Mediation (Docket No. 3). The Court has determined that oral argument will not assist the Court in making its decision, and the Court now issues the following opinion.

## ANALYSIS

Defendant Battelle Energy Alliance, LLC ("Battelle") seeks an order staying this case and compelling mediation. Battelle contends that the Federal Arbitration Act ("FAA") requires Sherick to mediate her claims pursuant to Battelle's ADR program.

An agreement to arbitrate is a matter of contract, providing the parties with a

**Memorandum Decision and Order - 1**

way to resolve disputes when the parties have agreed to submit to arbitration.  *See Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  The FAA permits a party aggrieved by the refusal of another party to arbitrate to petition the federal district court for an order compelling arbitration in the manner provided for in the agreement.  *Id.*  The FAA mandates that district courts must direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.  *Id.*  "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Id.* (internal citations omitted).

Battelle's ADR program states that "[a]s a condition of employment, employees must use the Alternative Dispute Resolution program through Step 2 (Mediation) as the exclusive method for resolving work related disputes before resorting to litigation."  (Vandel Aff., Ex. A, p.3, Docket No. 5).  However, Battelle's ADR program specifically states that "[a]rbiration is not part of the BEA Alternative Dispute Resolution program."  (Id. at p. 11).

Battelle suggests that the FAA applies to both mediation and arbitration when they are used interchangeably as a means of alternative dispute resolution.  Battelle also suggests that the Court should force Sherick to use the ADR program

**Memorandum Decision and Order - 2**

because general labor policy favors non-judicial resolution of labor disputes. Battelle's arguments are meritless. Battelle's ADR program does not use the terms mediation and arbitration interchangeable. Instead, it specifically mandates mediation and unequivocally states that "[a]rbiration is *not* part of the BEA Alternative Dispute Resolution program." (Id. at p. 11) (italicized emphasis added). As with any contract dispute, the Court must first look to the express terms of the contract, which in this case clearly exclude arbitration as part of the ADR program. *See Chiron*, 207 at 1130. Accordingly, the Court finds that no valid agreement to arbitrate exists.

      Moreover, even if Battelle's ADR program somehow mandated arbitration, it would not encompass the dispute at issue. The ADR program, which Battelle contends is the binding contract here, specifically states that an employee must use the ADR program as a "condition of employment." (Vandel Aff., Ex. A, p.3, Docket No. 5). Sherick is no longer a Battelle employee, and she therefore is not bound by the ADR program.

**Memorandum Decision and Order - 3**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Stay Proceedings and Compel Mediation (Docket No. 3) shall be, and the same is hereby, DENIED.



DATED: **February 5, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 4**