IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANIS SHERICK, ) | |
| ) | Case No. CV-07-307-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| BATTELLE ENERGY ALLIANCE, ) | |
| LLC., ) | |
| ) | |
| Defendant. ) | |

### INTRODUCTION

The Court has before it Defendant's Motion for Summary (Docket No. 33). The Court heard oral argument on the motions on February 13, 2009, and now issues the following decision.

### PROCEDURAL BACKGROUND

Sherick filed her Complaint in this matter on July 16, 2007. Sherick alleged several federal and state law causes of action against Battelle Energy Alliance,

**Memorandum Decision and Order - 1**

LLC ("BEA"). Sherick conducted very limited discovery, but BEA initiated discovery early in the process. After several extensions of time and incomplete responses to BEA's discovery requests, BEA asked the Court to amend its Case Management Order to allow BEA to take Sherick's deposition after the discovery deadline. BEA also asked the Court to extend the dispositive motion cut-off date. The Court agreed to do so.

BEA then finished its discovery and filed its pending motion for summary judgment. Sherick responded by withdrawing her federal law claims, but asking the Court to decline supplemental jurisdiction and dismiss a state-law constructive discharge claim without prejudice. In her response, Sherick did not address any other claims, other than to say that she withdraws them. BEA asks the Court to continue to exercise jurisdiction over the remaining state-law claim and grant summary judgment in its favor.

## ANALYSIS

**I.      Summary Judgment Standard of Review**

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be

isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence

**Memorandum Decision and Order - 3**

sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

## II.  Defendant's Motion for Summary Judgment

BEA initially sought summary judgment against Sherick on all claims. However, Sherick responded by asking to withdraw all claims except a state-law constructive discharge claim pursuant to FRCP 41(a)(2). Sherick asked that the constructive discharge claim be dismissed without prejudice, presumably so that it could be re-filed in state court.

### A.  Rule 41

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FRCP 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*

Wright and Miller explain that "when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15." 9 Wright & Miller,

**Memorandum Decision and Order - 4**

Fed. Prac. & Proc. Civ.3d § 2362 (2008).  The Ninth Circuit has adopted this analysis with respect to Rule 41(a)(1), holding that "we agree with those courts that have held a plaintiff may not use Rule 41(a)(1)(I) to dismiss, unilaterally, a single claim from a multi-claim complaint."  *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).  It stands to reason that the same would hold true with respect to a motion under Rule 41(a)(2) because "[b]oth branches of Rule 41(a) refer to the voluntary dismissal of 'an action'"  9 Wright & Miller, Fed. Prac. & Proc. Civ.3d § 2362 (2008).  Accordingly, the Court will deny Sherick's motion to dismiss pursuant to Rule 41.

    **B.**    **Summary Judgment**

Given the Court's denial of Sherick's Rule 41 motion, the Court must interpret Sherick's response brief as effectively consenting to summary judgment on all claims except her state-law constructive discharge claim.  Sherick has failed to offer any evidence or argument to resist the entry of summary judgment on the other claims, and, in fact, has affirmatively acknowledged that they are without merit.  As noted above, once a defendant has met its burden, the non-moving party must produce evidence sufficient to support a jury verdict in her favor.  *Fairbank, 212 F.3d at 256-57*.  The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or

**Memorandum Decision and Order - 5**

admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324. Sherick obviously has not done that. Accordingly, summary judgment on all claims except the constructive discharge claim is clearly warranted.

    **C.**    **Constructive Discharge Claim**

Sherick asks the Court to decline jurisdiction and dismiss her state-law constructive discharge claim without prejudice. Sherick's state-law constructive discharge claim is her only remaining claim. When all federal claims have been dismissed, "the decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity." *Brady v. Brown,* 51 F.3d 810, 816 (9th Cir. 1995); 28 U.S.C. § 1367.

This case has been pending in federal court for over a year and a half. Discovery and dispositive motion deadlines have passed, as has the deadline for amending pleadings. BEA has completed discovery and filed a motion for summary judgment related to all claims. Upon entry of this Memorandum Decision and Order, the case will either be dismissed in its entirety or proceed to trial on any remaining claims within approximately 3-4 months. As explained in *Schneider v. TRW, Inc.*, 938 F.2d 986 (9th Cir. 1991), the Ninth Circuit has "consistently upheld decisions to retain pendent claims on the basis that returning

**Memorandum Decision and Order - 6**

them to state court would be a waste of judicial resources." *Schneider*, 938 F.2d 994.  Dismissing this claim without prejudice so that it can be re-filed in state court would clearly result in a complete waste of the judicial resources which this court has devoted to the case.  It would also require that the proceedings begin anew in state court, resulting in a complete duplication of the time and effort already devoted to the case by this court.

Moreover, the factors of convenience, fairness, and comity weigh in favor of this Court exercising supplemental jurisdiction because the case commenced in this Court; it was not removed here from state court.  Thus, this Court is the only court familiar with the case at this point.  It is also significant that the remaining state-law claim, constructive discharge, does not involve difficult or novel questions of state law.  Accordingly, this Court will retain jurisdiction over the remaining claim.

Furthermore, the Court finds that BEA is entitled to summary judgment on that claim.  Sherick suggests that she should be permitted to proceed to trial on a state-law constructive discharge claim.  However, Sherick did not even plead a state-law constructive discharge cause of action in her Complaint.  Instead, Sherick pled a federal claim based on hostile work environment.  (Complaint, ¶¶ 48-53.)  Although the Court will take a liberal review of the Complaint, it must not read claims into the Complaint.  A plaintiff "must plead 'enough facts to state a claim to

**Memorandum Decision and Order - 7**

relief that is plausible on its face.'" *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), *as amended*, (quoting *Twombly*, 127 S.Ct. at 1974). Here, a state-law constructive discharge claim is not a plausible reading of the Complaint.

Additionally, it is undisputed that Sherick was an at-will employee without an employment contract. (See First Olsen Aff., Ex. 5; Second Olsen Aff., Ex. 3.). Constructive discharge by itself is not actionable in an at-will employee situation. In Idaho, an at-will employee may be discharged at any time for any reason not in contravention of public policy. *Edmondson v. Shearer Lumber Products*, 75 P.3d 733, 737 (Idaho 2003); *see also Knee v. School Dist. No. 139*, 676 P.2d 727, 730 (Idaho App.,1984); *Jackson v. Minidoka Irrigation District*, 563 P.2d 54 (Idaho 1977). Sherick makes no assertions about a contravention of public policy. Therefore, the Court will grant summary judgment in favor of BEA on Sherick's state-law constructive discharge claim.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary (Docket No. 33) shall be, and the same is hereby, GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

**Memorandum Decision and Order - 8**



DATED: **February 20, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 9**